IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TORRION BROWN, individually and on behalf of all others similarly situated,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>LB METALS, LLC,<br><br>　　　　　　Defendant. | Case No. |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446, Defendant LB Metals, LLC ("LB Metals" or Defendant") hereby removes this action from the Circuit Court of Cook County, Illinois, Chancery Division, to the U.S. District Court for the Northern District of Illinois, Eastern Division. Removal is proper because this Court has original federal subject matter jurisdiction under the Labor Management Relations Act ("LMRA"), codified in relevant part at 29 U.S.C. § 185. In support of this Notice of Removal, LB Metals states as follows:

**I.　BACKGROUND**

1.　On October 29, 2019, Plaintiff Torrion Brown ("Plaintiff") filed a class action complaint ("Complaint" or "Compl.") in the Circuit Court of Cook County, No. 2019-CH-12577, individually and on behalf of all others similarly situated, alleging violations of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1 (the "BIPA"). (Complaint attached hereto as **Exhibit A**). LB Metals is the only named defendant.

2. LB Metals was served with a copy of the summons and Complaint on January 7, 2020. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders that have been filed and served in the state court action are attached hereto as Exhibit A.

3. This Notice of Removal is timely filed under 28 U.S.C. § 1446(b)(1) because it is filed within 30 days of the date that LB Metals was served with the Complaint. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999).

4. Plaintiff's Complaint alleges that Plaintiff was an employee of LB Metals and that LB Metals required employees to scan their fingerprints to track time worked via a biometric timekeeping device. (Compl. ¶¶ 1, 6.) According to Plaintiff, LB Metals captured and collected Plaintiff's biometric information or identifiers without obtaining a written executed release and without making required disclosures concerning the collection, storage, use or destruction of biometric identifiers or information. (*Id*. at ¶ 15.) Additionally, Plaintiff alleges, upon information and belief, that LB Metals "improperly disclosed employees' biometric data to third-party vendors in violation of BIPA." (*Id*. at ¶ 18.) Plaintiff further alleges that LB Metals did the same with respect to all putative class members. (*Id*. at ¶¶ 14-19.)

5. Plaintiff filed a three-count Complaint alleging that LB Metals violated the BIPA in various ways. In Count I, Plaintiff alleges that LB Metals violated 740 ILCS 14/15(a) by failing to establish, maintain, and make publicly available a biometric data retention and deletion policy. (Compl. ¶ 82.) In Count II, Plaintiff alleges that LB Metals violated 740 ILCS 14/15(b) of the BIPA by failing to provide proper notice and failing to obtain the proper written consent before capturing and using Plaintiff's biometric information. (Compl. ¶ 92.) In Count III, Plaintiff alleges that LB Metals disclosed Plaintiff's biometric identifiers without first obtaining proper written consent. (Compl. ¶ 101.) For these violations, Plaintiff seeks, both individually

and on behalf of a putative class, $5,000 for each intentional and/or reckless violation and $1,000 for each negligent violation, as well as attorneys' fees and costs incurred in this litigation. (*Id.* at ¶¶ 84, 94, 103.) Plaintiff also seeks injunctive and equitable relief for these alleged violations. (*Id.*)

6. As part of his Complaint, Plaintiff seeks to represent the following class:

> All persons who were enrolled in the biometric timekeeping system and subsequently used a biometric timeclock while employed/working for Defendant in Illinois during the applicable statutory period.

(*Id.* at ¶ 71.)

## II. REMOVAL PURSUANT TO 28 U.S.C. § 1331

7. This Court has original jurisdiction of this action under 28 U.S.C. § 1331, and LB Metals may remove the lawsuit pursuant to the provisions of 28 U.S.C. § 1441, since the relief sought is preempted by Section 301 of the LMRA (29 U.S.C. § 185).

8. Ordinarily, to determine whether federal question jurisdiction exists, a court must examine the plaintiff's well-pleaded complaint to see if it raises an issue of federal law. *Rice v. Panchal,* 65 F.3d 637, 639 (7th Cir. 1995). Federal issues that arise solely as a defense to state law complaints will not confer federal question jurisdiction. *Id.*

9. However, the "complete preemption" doctrine is an exception to the well-pleaded complaint and conflict preemption rules. *See Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987). This exception applies where Congress so completely preempts a particular area that any complaint raising claims in that area will be considered federal in character. *Id.* To the extent that a state law claim has been displaced by federal law, the claim will be characterized as a complaint arising under the federal law from the outset. *Douglas v. American Info. Technologies Corp.,* 877 F.2d 565, 569 (7th Cir. 1989).

3

10. Section 301 of the LMRA provides federal jurisdiction over "suits for violation of contracts between an employer and a labor organization." 29 U.S.C. § 185(a). "Section 301 of the LMRA, which provides that suits for violation of contracts between an employer and a labor organization confer original jurisdiction in federal district courts, **has complete preemption force**." *Atchley v. Heritage Cable Vision Associates*, 101 F.3d 495, 498 (7th Cir. 1996) (emphasis added). "Even if a plaintiff makes no mention of § 301 in a complaint, § 301 nevertheless may displace entirely a state cause of action, allowing removal by the defendant under the complete preemption exception to the well-pleaded complaint rule." *Id.*

11. If the resolution of a state-law claim is dependent on an interpretation of a collective bargaining agreement, the state-law claim will be preempted by Section 301 of the LMRA. *Baker v. Kingsley*, 387 F.3d 649, 657 (7th Cir. 2004).

12. Additionally, implied terms based on the parties' practice, usage, and custom may also be considered part of the collective bargaining agreement. *Consolidated Rail Corp. v. Railway Labor Execs.' Ass'n*, 491 U.S. 299, 311 (1989).

13. Here, Plaintiff's claims under the BIPA are preempted because they require interpretation of the express and implied terms of a collective bargaining agreement.

14. Plaintiff alleges that LB Metals has violated the BIPA by failing to establish, maintain, and make publicly available a biometric data retention and deletion policy; failing to provide proper notice and failing to obtain the proper written consent before capturing and using Plaintiff's biometric information; and disclosing Plaintiff's biometric identifiers without first obtaining proper written consent.

15. The terms and conditions of Plaintiff's employment were governed by a collective bargaining agreement ("CBA") between LB Metals and Plaintiff's collective bargaining

4

representative, Iron Workers Regional Shop Local No. 853 of the International Association of Bridge, Structural, Ornamental and Reinforcing Iron Workers, applicable to Plaintiff. (**Exhibit B**, Declaration of Peter Manous ("Manous Decl.") ¶ 4.)

16. The CBA has collectively bargained provisions that govern the processes, equipment, and operations of LB Metals. For example, the CBA provides:

> **Section 6: Management Prerogatives - Shop Rules**
>
> (A) The management of the Company's plant and the direction of its working forces, including the right to establish new jobs, change materials, processes, products, equipment and operations shall be vested exclusively in the Company. […]
>
> (B) The Company shall have the right to establish, maintain and enforce reasonable rules and regulations to assure orderly plant operations, it being understood and agreed that such rules and regulations shall not be inconsistent or in conflict with the provisions of this Agreement. The Company shall maintain on its bulletin boards and furnish the Union with a written or printed copy of all such rules and regulations and all changes therein. Changes in existing rules and regulations, as well as new rules and regulations promulgated by the Company, shall not become effective until five (5) regular workdays after copies thereof have been furnished to the Union and posted on the Company's Bulletin Boards.

(Manous Decl., Ex. A at p. 10).

17. Additionally, the CBA contains a grievance procedure applicable to a grievance or dispute arising "in connection with the application, interpretation, or alleged violation of any provision of the Agreement." *Id.* at p. 40. If the grievance procedure does not resolve the dispute, the issue "shall…be submitted to arbitration." *Id.* at p. 44.

18. Resolving the issue of whether consent and notice have properly been given under the BIPA necessarily requires analysis of the interpretation and administration of the Management Prerogatives clause and other clauses of the CBA, as well as the negotiations between LB Metals and Plaintiff's bargaining representative. The Court cannot analyze Plaintiff's claims without examining the CBA's language concerning the employer's rights to

5

determine methods, procedures, and equipment, and to determine the nature of work to be performed by the employees and to implement rules and regulations. Similarly, the analysis of whether LB Metals obtained any required releases or consents, provided notices, or otherwise violated BIPA with respect to timekeeping practices, requires a determination of whether the CBA's specification of the company's rights to manage and direct its workforce and determine the methods, procedures, equipment, and rules to be utilized by the employees constitute a sufficient written notice and release from Plaintiff's "legally authorized representative" under 740 ILCS 14/15(b)(3). Accordingly, Plaintiff's claims under the BIPA are preempted by the LMRA.

19. The Seventh Circuit recently addressed the preemption of claims under the BIPA in the context of a collective bargaining agreement and unionized environment. In *Miller v. Sw. Airlines Co.*, the Court held:

> Whether Southwest's or United's unions did consent to the collection and use of biometric data, or perhaps grant authority through a management-rights clause, is a question for an adjustment board. Similarly, the retention and destruction schedules for biometric data, and whether air carriers may use third parties to implement timekeeping and identification systems, are topics for bargaining between unions and management. States cannot bypass the mechanisms of the Railway Labor Act and authorize direct negotiation or litigation between workers and management.
>
> \*\*\*
>
> It is not possible even in principle to litigate a dispute about how an air carrier acquires and uses fingerprint information for its whole workforce without asking whether the union has consented on the employees' collective behalf. That's why this dispute must go to an adjustment board….if a dispute necessarily entails the interpretation or administration of a collective bargaining agreement, there's no room for individual employees to sue under state law—in other words, state law is preempted to the extent that a state has tried to overrule the union's choices on behalf of the workers.

926 F.3d 898, 903-04 (7th Cir. 2019).

20. Pursuant to *Miller*, the BIPA claims asserted by Plaintiff in this case implicate a mandatory subject of bargaining and require interpretation of the CBA. Under the terms of the CBA, the dispute was also required to be resolved either through the grievance procedure or arbitration.

21. Plaintiff's claims are therefore preempted by the LMRA, this Court has original subject matter jurisdiction over this action, and this case is properly removed.

### III. SUPPLEMENTAL JURISDICTION PURSUANT TO 28 U.S.C. § 1367

22. Supplemental jurisdiction over the remaining state law claims, if any, in this case is proper under 28 U.S.C. § 1367 because all claims form the same case or controversy.

23. "District courts may exercise supplemental jurisdiction over state law claims that share a common nucleus of operative facts with a federal claim properly before the court." *Olson v. Bemis Co.,* 800 F.3d 296, 302-03 (7th Cir. 2015) (internal quotation marks omitted) (holding district court did not abuse its discretion by exercising supplemental jurisdiction over any remaining state law claims arising out of same set of facts as plaintiff's claim that was preempted by Section 301).

24. Plaintiff's claims for alleged violations of BIPA share a common nucleus of operative facts such that they form part of the same case or controversy, and Plaintiff alleges the same facts as the basis for all of his claims. (Compl. ¶¶ 48-70.) Accordingly, because federal question jurisdiction exists over Plaintiff's claims, this Court can properly exercise supplemental jurisdiction over Plaintiff's remaining state law claims to the extent any are not be preempted by the LMRA.

## IV. VENUE AND NOTICE

25. Venue is proper in the Northern District of Illinois located in Chicago, Illinois, because the Circuit Court of Cook County action is pending within the jurisdictional confines of this Court.

26. Defendant will provide written notice of the filing of the Notice of Removal to Plaintiffs and the Circuit Court of Cook County.

WHEREFORE, Defendant LB Metals, LLC, hereby removes this civil action to this Court on the basis of original subject matter jurisdiction.

**DATED: February 6, 2020**                     Respectfully submitted,


                                                LB METALS, LLC


                                                By:   *s/ Gerald L. Maatman, Jr.*
                                                        Gerald L. Maatman, Jr.


Gerald L. Maatman, Jr., IL No. 6181016
*gmaatman@seyfarth.com*
Thomas E. Ahlering, IL No. 6295744
*tahlering@seyfarth.com*
Alexandra S. Oxyer, IL No. 6324449
SEYFARTH SHAW LLP
233 S. Wacker Dr., Suite 8000
Chicago, Illinois 60606
Telephone: 312-460-5000
Facsimile: 312-460-7000

*Counsel for Defendant LB Metals, LLC*

## **CERTIFICATE OF SERVICE**

     I hereby certify that on February 6, 2020, a true and correct copy of the foregoing document was filed with the clerk of the court using the CM/ECF system which will send notification of such filing to the e-mail address denoted on the electronic Mail Notice List. I also certify, pursuant to 28 U.S.C. § 1446(d), Federal Rules of Civil Procedure Rule 5(b), and Local Rule 5.5, that a copy of the foregoing was sent via electronic mail to the adverse party in this matters at:

Brandon M. Wise
Paul A. Lesko
PEIFFER WOLF CARR & KANE, APLC
818 Lafayette Ave., Floor 2
St. Louis, MO 63104
Email: bwise@pwcklegal.com
Email: plesko@pwcklegal.com

                                                                     s/ *Gerald L. Maatman, Jr.*
                                                                      Gerald L. Maatman, Jr.